Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania Corporation; REAL UNDERWEAR, INC., a New York Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:  2:18-cv-03509-SVW-E x<br>*Hon. Stephen V. Wilson Presiding*<br>*Referred to Hon. Charles F. Eick*<br><br><br>**STIPULATED PROTECTIVE ORDER; [~~PROPOSED~~] ORDER** |

Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

# GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b) The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

(c) Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d) Research and development information;

(e) Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f) Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g) Information related to internal operations including personnel information;

(h) Information related to past, current and future product development;

(i)  Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)  Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

1.  <u>Designated Material</u>.

1.1  Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if:  (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.

1.2  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate

proceeding relating thereto. Designated Material shall not be used by any party or person receiving them for any business or any other purpose. No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the specific terms of this Protective Order. For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

2.    Access to Designated Materials.

2.1    Materials Designated "CONFIDENTIAL": Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Such information may include, but is not limited to:

(a)    The financial performance or results of the Designating Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

(b)    Corporate and strategic planning by the Designating Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c)    Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Designating Party;

(d)    Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of

1  the Designating Party;

2      (e)    Information used by the Designating Party in or pertaining to its
3  trade or business, which information the Designating Party believes in good faith
4  has competitive value, which is not generally known to others and which the
5  Designating Party would not normally reveal to third parties except in
6  confidence, or has undertaken with others to maintain in confidence;

7      (f)    Information which the Designating Party believes in good faith falls
8  within the right to privacy guaranteed by the laws of the United States or
9  California; and

10     (g)    Information which the Designating Party believes in good faith to
11 constitute, contain, reveal or reflect proprietary, financial, business, technical, or
12 other confidential information.

13     (h)    The fact that an item or category is listed as an example in this or
14 other sections of this Protective Order does not, by itself, render the item or
15 category discoverable.

16     2.1.0  Materials designated "CONFIDENTIAL" may be disclosed only to
17 the following Designees:

18     2.1.1  Persons who appear on the face of Designated Materials marked
19 "CONFIDENTIAL" as an author, addressee, or recipient thereof;

20     2.1.2  Counsel retained as outside litigation attorneys of record in this
21 action, and their respective associates, clerks, legal assistants, stenographic,
22 videographic and support personnel, and other employees of such outside
23 litigation attorneys, and organizations retained by such attorneys to provide
24 litigation support services in this action and the employees of said organizations.
25 "Counsel" explicitly excludes any in-house counsel whether or not they are
26 attorneys of record in this action.

27     2.1.3  Consultants, including non-party experts and consultants retained or
28 employed by Counsel to assist in the preparation of the case, to the extent they

1   are reasonably necessary to render professional services in this action, and subject

2   to the disclosure requirements of section 2.3.  Each consultant must sign a

3   certification that he or she has read this Stipulated Protective Order, will abide by

4   its provisions, and will submit to the jurisdiction of this Court regarding the

5   enforcement of this Order's provisions.

6        2.1.4  A party's officers and/or employees, which may include in-house

7   counsel.

8        2.1.5  The Court, its clerks and secretaries, and any court reporter retained

9   to record proceedings before the Court;

10       2.2    Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY":  Subject to the limitations in this Protective Order, Designated

12  Materials may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY" for the purpose of preventing the disclosure of information or materials

14  which, if disclosed to the receiving party, might cause competitive harm to the

15  Designating Party.  Information and material that may be subject to this

16  protection includes, but is not limited to, technical and/or research and

17  development data, intellectual property, financial, marketing and other sales data,

18  and/or information having strategic commercial value pertaining to the

19  Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the

20  information or material that can be designated "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any

22  specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY," the Designating Party's counsel shall make a good faith determination

24  that the information warrants such protection.

25       2.2.0  Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY" materials may be disclosed only to the following Designees:

27       2.2.1  Persons who appear on the face of Designated Materials marked

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author,

1  addressee, or recipient thereof;

2    2.2.2  Counsel for the parties to this action, as defined in section 2.1.2;

3    2.2.3  Consultants for the parties to this action, as defined in section 2.1.3;

4  and

5    2.2.4  The Court, its clerks and secretaries, and any court reporter retained

6  to record proceedings before the Court.

7    2.2.5  Court reporters retained to transcribe depositions.

8    2.3  If any party wishes to disclose information or materials designated

9  under this Protective Order as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL

10  – ATTORNEYS' EYES ONLY" to any Consultant, it must first identify that

11  individual to the Counsel for the Designating Party and submit a Certification of

12  Consultant pursuant to Section 3.  CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY

14    2.4  <u>Legal Effect of Designation</u>.  The designation of any information or

15  materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY" is intended solely to facilitate the conduct of this litigation.

17  Neither such designation nor treatment in conformity with such designation shall

18  be construed in any way as an admission or agreement by any party that the

19  Designated Materials constitute or contain any trade secret or confidential

20  information.  Except as provided in this Protective Order, no party to this action

21  shall be obligated to challenge the propriety of any designation, and a failure to

22  do so shall not preclude a subsequent attack on the propriety of such designation.

23    2.5  Nothing herein in any way restricts the ability of the receiving party

24  to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY" material produced to it in examining or cross-examining any

26  employee or consultant of the Designating Party.

27    2.6  The parties agree that the Plaintiff may be provided the alleged

28  infringers' full identities, revenues, and gross profits numbers, notwithstanding

1  any party's designation of documents showing such figures as

2  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3  ONLY". The parties further agree that additional alleged infringers revealed in

4  documents designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

5  ATTORNEYS' EYES ONLY" may be added to a lawsuit.

6      3.    <u>Certificates Concerning Designated Materials</u>. Each Consultant as

7  defined in section 2.1.3, to whom any Designated Materials will be disclosed

8  shall, prior to disclosure of such material, execute the Acknowledgement of

9  Stipulated Protective Order in the form attached hereto as Exhibit A.  Counsel

10  who makes any disclosure of Designated Materials shall retain each executed

11  Acknowledgement of Stipulated Protective Order and shall circulate copies to all

12  Counsel for the opposing party concurrently with the identification of the

13  Consultant to the attorneys for the Designating Party pursuant to Section 2.3.

14      4.    <u>Use of Designated Materials by Designating Party</u>.  Nothing in this

15  Protective Order shall limit a Designating Party's use of its own information or

16  materials, or prevent a Designating Party from disclosing its own information or

17  materials to any person.  Such disclosure shall not affect any designations made

18  pursuant to the terms of this Protective Order, so long as the disclosure is made in

19  a manner that is reasonably calculated to maintain the confidentiality of the

20  information.

21      5.    <u>Manner of Designating Written Materials</u>.

22      5.1    Documents, discovery responses and other written materials shall be

23  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

25      5.2    The producing party shall designate materials by placing the legend

26  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY" on each page so designated prior to production.  If the first or cover page

28  of a multi-page document bears the legend "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order.  If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

5.3    A  designation  of  "CONFIDENTIAL,"  or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing, object or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

5.4    When a party wishes to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

5.4.2  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

a. The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); and

b. The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5 Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1 Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2 Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

5.5.3 If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

6. Manner of Designating Deposition Testimony.

6.1 Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the

1 transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY

2 CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designated testimony

3 shall be bound in a separate volume and marked by the reporter accordingly.

4      6.2    Where testimony is designated during the deposition, the

5 Designating Party shall have the right to exclude, at those portions of the

6 deposition, all persons not authorized by the terms of this Protective Order to

7 receive such Designated Material.

8      6.3    Within thirty (30) days after a deposition transcript is certified by the

9 court reporter, any party may designate pages of the transcript and/or its exhibits

10 as Designated Material. During such thirty (30) day period, the transcript in its

11 entirety shall be treated as "CONFIDENTIAL" (except for those portions

12 identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13 ONLY" which shall be treated accordingly from the date of designation). If any

14 party so designates such material, the parties shall provide written notice of such

15 designation to all parties within the thirty (30) day period. Designated Material

16 within the deposition transcript or the exhibits thereto may be identified in

17 writing by page and line, or by underlining and marking such portions

18 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19 ONLY" and providing such marked-up portions to all counsel.

20      7.    Copies. All complete or partial copies of a document that disclose

21 Designated Materials shall be subject to the terms of this Protective Order.

22      8.    Court Procedures.

23      8.1    Disclosure of Designated Material to Court Officials. Subject to the

24 provisions of this section, Designated Material may be disclosed to the Court,

25 Court officials or employees involved in this action (including court reporters,

26 persons operating video recording equipment at depositions, and any special

27 master, referee, expert, technical advisor or Third-Party Consultant appointed by

28 the Court), and to the jury in this action, and any interpreters interpreting on

1  behalf of any party or deponent.

2      8.2    <u>Filing Designated Materials with the Court</u>. Nothing in this Order

3  shall vary the requirements for filing under Seal imposed by the Federal Rules of

4  Civil Procedure or the Local Rules of this Court.  If a party wishes to file with the

5  Court any document, transcript or thing containing information which has been

6  designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY" the Party shall designate the material as set forth

8  herein and file it with the Court in an application for filing under seal under the

9  Local Rules of this Court, with the material bearing the legend:

10 **"[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**
11 **ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER."**

12 The Application for Filing under Seal must show good cause for the under seal

13 filing. Filing the document under seal shall not bar any party from unrestricted use

14 or dissemination of those portions of the document that do not contain material

15 designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

16 ATTORNEYS' EYES ONLY."  If a filing party fails to designate information as

17 "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18 ONLY," any party who in good faith believes that designation and filing under seal

19 is required by this Protective Order may move the Court to file said information

20 under seal within five (5) days of learning of the defective filing.  Notice of such

21 designation shall be given to all parties.  Nothing in this provision relieves a party

22 of liability for damages caused by failure to properly file Designated Material

23 under seal.

24      8.3    <u>Retrieval of Designated Materials</u>.  The party responsible for lodging

25 or filing the Designated Materials shall be responsible for retrieving such

26 Designated Materials from the Court following the final termination of the action

27 (including after any appeals).

28

9.    Objections

9.1    A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

9.2    The parties shall meet and confer in good faith prior to the filing of any motion under this section.

10.    Client Communication.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.    No Prejudice.

11.1    This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2    Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3    If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated.  Within five (5)

1 business days of receipt of the substitute copies, the receiving party shall return

2 the previously unmarked or mismarked items and all copies thereof.  If the parties

3 do not collectively agree to replacement of the Designated Material, the

4 producing party shall comply with the procedure of Local Rule 37 in seeking

5 protection for the inadvertently produced material.

6      11.4  Neither the provisions of this Protective Order, nor the filing of any

7 material under seal, shall prevent the use in open court, in deposition, at any

8 hearing, or at trial of this case of any material that is subject to this Protective

9 Order or filed under seal pursuant to its provisions.  At deposition, the party using

10 Designated Material must request that the portion of the proceeding where use is

11 made be conducted so as to exclude persons not qualified to receive such

12 Designated Material.  At trial, the party using Designated Material must request

13 that the portion of the proceeding where use is made be conducted so as to

14 exclude persons not qualified to receive such Designated Material.  All

15 confidentiality designations or legends placed pursuant to this Stipulated

16 Protective Order shall be removed from any document or thing used as a trial

17 exhibit in this case.  The removal of such confidentiality designations or legends

18 under the preceding sentence shall not affect the treatment of such documents and

19 things as Designated Material under this Stipulated Protective Order.  Upon

20 request of a party, the parties shall meet and confer concerning the use and

21 protection of Designated Material in open court at any hearing.  Prior to the

22 pretrial conference, the parties shall meet and confer concerning appropriate

23 methods for dealing with Designated Material at trial.

24      11.5  Any inadvertent production of documents containing privileged

25 information shall not be deemed to be a waiver of the attorney-client privilege,

26 work product doctrine, or any other applicable privilege or doctrines.  All parties

27 specifically reserve the right to demand the return of any privileged documents

28 that it may produce inadvertently during discovery if the producing party

1  determines that such documents contain privileged information.  After receiving

2  notice of such inadvertent production by the producing party, the receiving party

3  agrees to make reasonable and good faith efforts to locate and return to the

4  producing party all such inadvertently produced documents.

5

6  12.   Modification and Survival.

7      12.1   Modification.  The parties reserve the right to seek modification of

8  this Protective Order at any time for good cause.  The parties agree to meet and

9  confer prior to seeking to modify this Protective Order for any reason.  The

10 restrictions imposed by this Protective Order may only be modified or terminated

11 by written stipulation of all parties or by order of this Court.  Parties entering into

12 this Protective Order will not be deemed to have waived any of their rights to

13 seek later amendment to this Protective Order.

14     12.2   Duration.  Even after final disposition of this litigation, the

15 confidentiality obligations imposed by this Order shall remain in effect until a

16 Designating Party agrees otherwise in writing or a court order otherwise directs.

17 Final disposition shall be deemed to be the later of (1) dismissal of all claims and

18 defenses in this action, with or without prejudice; and (2) final judgment herein

19 after the completion and exhaustion of all appeals, rehearings, remands, trials, or

20 reviews of this action, including the time limits for filing any motions or

21 applications for extension of time pursuant to applicable law.

22     12.3   Survival and Return of Designated Material.  This Protective Order

23 shall survive termination of this action.  Upon final termination of the action,

24 and at the written request of the Designating Party, all Designated Material,

25 including deposition testimony, and all copies thereof, shall be returned to

26 counsel for the Designating Party (at the expense of the Designating Party) or

27 (at the option and expense of the requesting party) shall be destroyed.  Upon

28 request for the return or destruction of Designated Materials, counsel shall

1 | certify their compliance with this provision and shall serve such certification
2 | to counsel for the Designating Party not more than ninety (90) days after the
3 | written request to return or destroy Designated Materials.  Counsel who have
4 | submitted one or more Certificate(s) prepared pursuant to Section 3 do not
5 | need to retain such Certificate(s) past the ninety (90) day period.

6 |       13.   No Contract.  This Protective Order shall not be construed to
7 | create a contract between the parties or between the parties and their
8 | respective counsel.

9 |       14.   Court's Retention of Jurisdiction.  The Court retains jurisdiction
10 | after final termination of the action prior to trial, to enforce this Stipulation.

11 |       15.   Exception for Public Information.  Nothing in this Stipulation shall be
12 | deemed in any way to restrict the use of documents or information which are
13 | lawfully obtained or publicly available to a party independently of discovery in this
14 | action, whether or not the same material has been obtained during the course of
15 | discovery in the action and whether or not such documents or information have
16 | been designated hereunder.  However, in the event of a dispute regarding such
17 | independent acquisition, a party wishing to use any independently acquired
18 | documents or information shall bear the burden of proving independent
19 | acquisition.

20 |       16.   Any material designated "CONFIDENTIAL" or "HIGHLY
21 | CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party will be deemed by
22 | the Designating Party to this agreement to be authentic and a business record of the
23 | Designating Party, and the Designating Party will be precluded from challenging
24 | the authenticity of any document so designated at any time during this litigation,
25 | including during any necessary collection or appeal proceedings. To the extent that
26 | such material is not a business record of the Designating Party and was not created
27 | by the Designating Party, the non-producing party for which the material is a
28 | business record shall have opportunity to challenge the authenticity of the material

1 | so designated.

2

3 | **<u>STIPULATION</u>**

4 | IT IS HEREBY STIPULATED by and among the parties, through their

5 | respective counsel, this Honorable Court consenting, that the foregoing Stipulated

6 | Protective Order may be entered in this action.

7

8 | SO STIPULATED.

9 | Dated:  August 23, 2018          By:    /s/ *Trevor W. Barrett*

10 | Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.

11 | Justin M. Gomes, Esq.

12 | DONIGER /BURROUGHS
Attorneys for Plaintiff

13

14 | Dated: August 23, 2018          By:    /s/ *Hazel Mae B. Pangan*
M. D. Scully

15 | Hazel Mae B. Pangan

16 | GORDON REES SCULLY MANSUKHANI, LLP

17 | Attorneys for Defendant

18 | Urban Outfitters, Inc.

19

20 | Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other

21 | signatories listed, and on whose behalf this filing is submitted, concur in the filing's

22 | content and have authorized the filing.

23

24 | By: /s/ *Trevor W. Barrett*

25

26

27

28

1

**[PROPOSED] ORDER**

2
Pursuant to the Parties' Stipulation, and for good cause shown, IT IS SO

3
ORDERED.

4

5
Dated: _8/23/18_

6
                                                    Honorable Charles F. Eick
                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania Corporation; REAL UNDERWEAR, INC., a New York Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:  2:18-cv-03509-SVW-E<br>*Hon. Stephen V. Wilson Presiding*<br>*Referred to Hon. Charles F. Eick*<br><br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

in the case of *Klauber Brothers, Inc. v. Urban Outfitters, Inc., et al.*, C.D. Cal. Case

No. 2:18-cv-03509-SVW-E.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

19
STIPULATED PROTECTIVE ORDER

1    I further agree to submit to the jurisdiction of the United States District Court

2  for the Central District of California for the purpose of enforcing the terms of this

3  Stipulated Protective Order, even if such enforcement proceedings occur after

4  termination of this action. I hereby appoint _____ [print or

5  type full name] of _____ [print or type

6  full address and telephone number] as my California agent for service of process in

7  connection with this action or any proceedings related to enforcement of this

8  Stipulated Protective Order.

9  Date: _____

10  City and State where sworn and signed: _____

11

12  Printed name: _____

13

14  Signature: _____

15  _____    _____

16

17

18

19

20

21

22

23

24

25

26

27

28